OPINION of the Court, by
Judge Owslet.
— Ded-man obtained from Jeremiah Davis, a justice of the peace for Montgomery county, a warrant for a forcible entry and detainer, against Smith and Ferguson. The warrant was regularly executed, and on the trial the jury returned an inquest in favor of Dedman, upon which the justice awarded judgment for restitution and costs. Smith and Ferguson filed a traverse with the justice, and executed bond with William Chiles their security, conditioned according to law ; whereupon all further proceedings were stayed by the justice, and the papers and proceedings returned to the Montgomery circuit court.
On the second day of the April term, 1811, of the Montgomery circuit court, Dedman joined issue on the traverse, and on a subsequent day of the term, moved the court to discharge the traverse, and enter judgment of restitution, on the grounds — 1st, that it does not appear that the security given on filirg the traverse, was approved of by the justice before whom the proceedings were had ; 2ndly, that it does not appear that the bond was executed or acknowleged before the justice -, Sdly, that it does not appear that the justice fixed the penalty of the bond. The circuit court sustained the motion, and awarded judgment for restitution and costs. _ v.
The only question necessary to be decided in this cause is, whether the court erred in setting aside the traverse, and awarding judgment of restitution ? The law requires that the person filing, a traverse, shall, be-iore the justice, give bond with sufficient security, to be approved of by the justice, to his adversary, in a reasonable penalty, to be fixed by the justice ; and upon such *576 bond being given, the justice shall stay all further proceedings on the inquisition, and return the whole of the papers and proceedings to the office of the clerk of the circuit court. The record, of the proceedings had before the justice, after setting forth all the proceedings up to the inquest and judgment of restitution awarded by him, states, “ whereupon the defendants enter a traverse agreeable to law, and gave bond with William Chiles their security, in the penalty of five uundred dollars, conditioned agreeable to an act of assembly in that cage made and provided, whereupon all proceedings are stayed,” Sic. There is no provision in tbf law requiring the justice t® make a record of the bond being given before him, or his having approved of the security, and fixed the penalty of the bond. But it is evident from the record returned by the justice, that the bond was regularly executed. Proceedings should not have been stayed by the justice until the law was complied with by Smith and Ferguson, in giving bond, &c. It appearing by the record that bond and security was given in a certain penalty, and the bond being returned and proceedings stayed by the justice, the necessary conclusion is, that the bond was regularly and correctly executed.
The judgment of the Montgomery circuit court in discharging the traverse and awarding restitution ⅛ therefore erroneous, and must be reversed with costs, &c. ; that the cause be remanded to that court, for a trial to be had on the issue joined, &c.